UNITED STATES of America,
Plaintiff,

v.

Ronald Laphel MCDANIEL, Defendant.

No. 2:05 CR 00469 2 PGC.

United States District Court,
D. Utah,
Central Division.

Oct. 19, 2005.

Lana Taylor, Salt Lake City, UT, for Plaintiff.

Michael W. Jaenish, Salt Lake City, UT, for Defendant.

## MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUBSTITUTION OF COUNSEL

CASSELL, District Judge.

Defendant Ronald McDaniel has appointed defense counsel, Michael W. Jaenish, whom he seeks to replace with retained counsel, Ronald Yengich. But Mr. Yengich's motion to substitute as counsel for defendant McDaniel does not comply with this court's local rule governing attorney substitutions. In particular, Mr. Yengich has not certified to the court that Mr. McDaniel's trial will proceed as planned if the court orders the substitution. The court therefore denies Mr. Yengich's motion to substitute as counsel. Because this is a recurring issue, the court will explain its reasons for this decision.

### I. Mr. Yengich's Substitution Motion.

On June 29, 2005, defendant Ronald McDaniel and three other persons were indicted for conspiracy to manufacture fifty or more grams of methamphetamine. The court appointed an experienced attorney—Michael Jaenish—to represent defendant McDaniel. The court also set deadlines in the case. Later the court extended these deadlines to October 21, 2005, for any motions, and November 17, 2005, for any plea. The court also set the matter for a four-day trial to begin on December 12, 2005.

Three months after indictment, on September 30, 2005, another extremely experienced attorney—Ronald Yengich—filed a document entitled "Substitution of Counsel."[1] This document states in its entirety: "Ronald J. Yengich, Attorney at Law, hereby substitutes as counsel for the De-

1. Docket No. 21, *United States v. McDaniel,* Case No. 2:05–CR–00469–2 PGC (D.Utah Sept.30, 2005).

fendant, Ronald Laphel McDaniel, replacing Michael W. Jaenish, who has previously entered an appearance on behalf of the Defendant." [2]

A few days after receiving this filing, court staff called Mr. Yengich's office to note that this filing did not comply with the District of Utah's local rule governing attorney substitutions. Court staff explained that the court could not approve any substitution of counsel until it received a compliant substitution motion. Mr. Yengich's office advised that any deficiency would be resolved. As of the date of this order, however, the court has yet to receive any additional pleadings from Mr. Yengich.

## II. The District of Utah's Local Rule Does Not Permit Mere "Substitutions of Counsel."

Mr. Yengich's purported notice of "substitution" plainly fails to comply with the court's local rules covering such issue. Mr. Yengich's notice is not the first the court has received that fails to comply with the local rules, as many experienced attorneys have made a similar mistake. Perhaps the problem lies in differences between the federal and state rules governing attorney substitution.[3] Whatever the cause, however, it is worth discussing the deficiencies of Mr. Yengich's notice for the benefit of counsel in other cases.

In the District of Utah, substitutions of counsel in criminal cases are governed by the local rules applicable in civil cases, as Rule 57–12 of the Local Rules of Criminal Procedure states, "All procedural matters relating to attorney ... appearance and withdrawal ... are governed by the applicable civil rules." [4] In turn, the civil rules require attorneys to apply in writing to the court before they can withdraw or appear in a pending case. They also require attorneys to take other steps before the court will permit them to appear or withdraw. Those requirements vary at different stages of the litigation, but they become more exacting once a trial date is set. Rule 83–1.4 explains:

No attorney will be permitted to withdraw or be substituted as attorney of record in any pending action except by written application and by order of the court. All applications for withdrawal must set forth the reasons therefor, together with the name, address, and telephone number of the client, as follows:

(1) *With Client's Consent.* Where the withdrawing attorney has obtained the written consent of the client, such consent must be submitted with the application and must be accomplished by a separate proposed written order and may be presented to the court ex parte. The withdrawing attorney must give prompt notice of the entry of such order to the client and to all other parties or their attorneys. For attorneys representing the United States or any agency thereof, it is not necessary for the client's signature to appear on the application provided that the client's consent to withdrawal and substitution of counsel is acknowledged by counsel for all parties.

(2) *Without Client's Consent.* Where the withdrawing attorney has not obtained the written consent of the client, the application must be in the form of a motion that must be served upon the client and all other parties or their attorneys. The motion must be accompa-

---

**2.** *Id.*

**3.** *Cf.* Utah R. Civ. P. 74 (discussing attorney substitution requirements in civil cases in Utah courts); Utah R.Crim. P. 36 (discussing

attorney substitution requirements in criminal cases in Utah courts).

**4.** DUCrimR 57–12.

nied by a certificate of the moving attorney that (i) the client has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions; or (ii) the client cannot be located or, for whatever other reason, cannot be notified of the pendency of the motion and the status of the case.

(3) *After Trial Date is Scheduled.* No attorney of record will be permitted to withdraw after an action has been set for trial unless (i) *the application includes an endorsement signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial;* (ii) the application includes an endorsement signed by the client indicating that the client is advised of the time and date and will be prepared for trial; or (iii) the court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw. Where counsel is substituted, the application must state the name, address, telephone number, and, where applicable, Utah State Bar identification number of the substituting counsel.[5]

Because the court sets trial dates relatively rapidly in most civil and criminal cases, subsection three is the part of the rule that will most frequently cover attorney substitutions. Subsection three applies in this case—Mr. McDaniel's trial is scheduled for December 12, 2005, less than two months away. Because a trial is scheduled, Mr. Yengich must comply with Rule 83-1.4(3) if he wishes to substitute as counsel.

Under the first paragraph of Rule 83-1.4, Mr. Yengich must apply in writing to the court seeking permission to appear rather than simply announcing an appearance. Under the rule's first paragraph, any appearance is not effective until the court approves. More important, subsection three imposes the additional requirements that Mr. Yengich, as "substituting attorney," must certify to the court that he "has been advised of the trial date and will be prepared to proceed with trial" or that good cause can be shown for the substitution. No such certification has been made here.

■ These requirements are not mere formalism but serve important purposes. In setting a case for trial, the court must "block off" a significant amount of courtroom time. As a result, the court must then schedule a host of other matters—motions, changes of plea, sentencings, and the like—around that trial. It is therefore extremely important to the court that cases not simply bounce from trial date to trial date. Avoiding an unnecessary continuance of the trial is also important for other reasons. Both criminal defendants and crime victims have rights to a speedy trial.[6] The public, too, is entitled to see cases resolved expeditiously.[7] These expectations can be frustrated when an attorney is replaced shortly before trial by a newcomer who may take time to master a case's facts. The local rule appropriately addresses these concerns by requiring substituting attorneys to certify that they will be prepared to proceed to trial as scheduled.

---

5. DUCivR 83-1.4 (emphasis added).

6. *See* U.S. Const. amend. VI; 18 U.S.C. § 3161 (Speedy Trial Act); 18 U.S.C. § 3771(a)(7) (victim's right to "proceedings free from unreasonable delay").

7. *Cf.* 18 U.S.C. § 3161(8)(A) (trials can be continued where doing so serves the ends of justice).

To be sure, subsection three contains an alternative to such certification—the court may approve a requested substitution if it is "otherwise satisfied" that "good cause" has been shown. But a criminal defendant's mere desire to substitute counsel is not, without more, good cause. Otherwise, any criminal defendant could indefinitely postpone a trial by the simple expedient of requesting new counsel each time a trial date drew near. No good cause argument has been raised here.

In short, attorneys who enter an appearance shortly before trial and then seek to postpone the trial date adversely affect the administration of justice. Because such motions directly implicate the court's broad discretion to manage its docket,[8] the court will require attorneys in both civil and criminal cases seeking to replace existing counsel to fully comply with Rule 83–1.4 of the Local Rules of Civil Procedure. This means that, once a trial date has been set, a new attorney seeking to enter the case must apply in writing and must certify that the proposed substitution will not alter the trial date or that good cause can otherwise be shown. Because the court's order setting a trial date typically includes other closely related dates (such as the motion and plea cut-off in this case), entering counsel should also explain whether entry will impair the court's ability to adhere to these additional deadlines as well. And, of course, no substitution is effective until approved by court order, so any attorney who has entered an appearance in a case must continue to vigorously represent his client until any substitution is allowed.

 In this case, Mr. Yengich's filing makes no effort to comply with Rule 83–1.4's requirements. He has not sought a court order granting him permission to represent Mr. McDaniel. He has not cer-tified that he "has been advised of the trial date and will be prepared to proceed with trial."[9] Nor has he presented any good cause for allowing a substitution without compliance with the rule. Because of these deficiencies, the court denies Mr. Yengich's motion to replace Mr. Jaenish as McDaniel's defense attorney.

## CONCLUSION

Mr. Yengich's motion to substitute himself as Mr. McDaniel's counsel (# 21) is DENIED because it fails to comply with Rule 83–1.4 of the Local Rules of Civil Procedure. Mr. Yengich is, of course, free to submit a proper motion for consideration, such as a motion representing that, if allowed to appear, he would be prepared to meet the trial date and related subsidiary dates such as the motions deadline. Because Mr. Yengich's motion is denied, Mr. Jaenish is reminded that he remains as counsel for the defendant and is responsible for meeting all pending deadlines.

SO ORDERED.

---

8. *See, e.g., Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998).

9. DUCivR 83–1.4(3)(i).